## WOODS *v.* BLODGETT.

The declarations of one in the occupancy of land, that he is in as the servant of the plaintiff, are evidence to prove the possession and title of the plaintiff.

TROVER, for a quantity of corn, &c. Plea, the general issue.

The defendant, a constable of the town of Lyman, having a writ in due form, issued by a justice of the peace against one Moses Moore, attached the corn in question as his property. In October, 1840, Moore lived upon a farm in Lyman belonging to the plaintiff, and by his labor raised the corn and deposited it in the buildings upon the farm; which farm, he testified, he carried on and cultivated as the hired man of the plaintiff. A question in the case was, whether the corn belonged to Moore or the plaintiff.

Isaac Duncan's deposition was introduced in evidence at the trial, by the plaintiff, and contained the following clause, namely: "At the time Moore was at work on the corn he said it was Mr. Woods'."

The counsel for the defendant objected to the evidence as incompetent, which objection was overruled by the court.

A verdict was found for the plaintiff, which the defendant moved to set aside on account of the admission of the evidence.

*Hibbard,* for the defendant. One question only is presented by the case. Were the declarations of Moore properly presented in evidence?

To be entitled to be so admitted, they should have been contemporaneous with the principal fact to be proved. This was the contract under which Moore occupied the

plaintiff's land. Greenl. Ev. 112, 120; 1 Stark. Ev. 61; 24 Pick. 244; 9 N. H. Rep. 276; 8 N. H. Rep. 262; 8 Pick. 397; 8 N. H, Rep. 40.

_Morrison_, for the plaintiff. In _Kenniston_ v. _Russell_, decided in this county, December term, 1845, the declarations and admissions of the party himself, in possession of the note in controversy, were admitted in his own favor.

The declarations of tenants in possession are admitted. 1 Greenl. Ev. 121; 24 Pick. 323; 3 N. H. Rep. 487.

The same rule is applied to the possession of personal property. 2 Cow. Ph. 656; 1 Taunt. 141; 6 C. & P. 148; 1 R. & M. 127; 3 Rawle 437; 10 Ad. & Ellis 106; 2 Met. 363; 1 Fairf. 244; 15 Pick. 92.

GILCHRIST, J. The plaintiff, to prove his title to the land, and, by consequence, the corn that grew upon it, and which was taken by the defendant, offered in evidence the declarations of one who was at work upon the land and cultivating the crop, and the evidence was admitted.

A question, substantially like the one which arises upon the ruling of the court upon that point, was presented and discussed in _Rand_ v. _Dodge_, 17 N. H. Rep. 343, and several cases were cited; among them were _Uncle_ v. _Watson_, 4 Taunt. 16; _Doe_ v. _Pettett_, 5 B. & Ald. 223; _Chambers_ v. _Bernasconi_, 1 Cromp. & Jer. 457; and it was held, in harmony with those cases, that the declarations of one in possession of land, that his possession was subordinate to another, was evidence in favor of that other in an action founded upon possession. The reason is that possession is _primâ facie_ evidence of title, and an admission that the possessor is in under another, tends to cut down his title, as it is said, and is therefore adverse to the declarant's own interest.

The circumstances under which the declarations proved in the present case were made, were not such as to repel or to weaken in the least the force ordinarily belonging to such. The declarant was cultivating the crops growing upon the land, and, in answer to the witness's question, confessed that he was not doing it for his own use and benefit, but as the servant of the plaintiff, and for his use. There seemed to be no reason whatever for his making such an admission, except that it was true.

Whatever inference the plaintiff would have been entitled to, upon proving his own personal occupation of the land, arises upon proof of Moore's occupation of it, upon its being shown that he was in as the servant of the plaintiff. There must, therefore, be

*Judgment on the verdict.*